JEFFREY M. CASSUTO, ESQ.
(JC-0601)
*Attorney for Plaintiff*
299 Broadway, Suite 1020
New York, New York 10007
(212) 594-4077


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

FASHION BRIDGE CORP.,

                                            Index No.

                    Plaintiffs,

        -against-

COVINGTON HOLDINGS, LLC, COVINGTON
FABRICS CORP., COVINGTON FABRIC &
DESIGN, LLC, COVINGTON INDUSTRIES, INC.,
CELE HOLDINGS, INC., WEBSTER  BUSINESS
CREDIT CORPORATION, ROGER GILMARTIN,
MARK S. KAHAN and "JOE DOES" 1-10,

                    Defendants.

-------------------------------------------------------------------X

## C O M P L A I N T

### PRELIMINARY STATEMENT

1.  This action involves claims of breach of contract, unjust enrichment, UCC

violation, account stated, fraud and piercing the corporate veil. The Plaintiff seeks damages, both

compensatory and punitive, affirmative and equitable, an award of costs and attorneys' fees, and

such other and further relief as this Court deems equitable and just.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332.

3. This Court has personal jurisdiction over all Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

## PARTIES

4. Plaintiff is a foreign limited liability company authorized to transact business in the State of New York and maintains an office for the transaction of business at 7FL Hanju Bldg., 324-1, Sangsu-Dong, Mapo-Gu, Seoul South Korea. Plaintiff is engaged in the business of exporting fabrics.

5. Upon information and belief, Defendant COVINGTON HOLDINGS, LLC ("Defendant CH") is a foreign corporation authorized to transact business in the State of New York and maintains an office for the transaction of business 386 Park Avenue South, New York, New York 10016.

6. Upon information and belief, Defendant COVINGTON FABRIC & DESIGN, LLC ("Defendant CFD") is a domestic corporation and maintains an office for the transaction of business 386 Park Avenue South, New York, New York 10016.

2

7.    Upon information and belief, Defendant COVINGTON FABRICS, INC. ("Defendant CF") is a New York corporation with its principal place of business located at 386 Park Avenue South, New York, New York 10016.

8.    Upon information and belief, Defendant COVINGTON INDUSTRIES, INC. ("Defendant CI") is a New York corporation with its principal place of business located at 386 Park Avenue South, New York, New York 10016.

9.    Upon information and belief, Defendant CELE HOLDINGS, INC. ("Defendant CELE") is a New York corporation with its principal place of business located at 386 Park Avenue South, New York, New York 10016.

10.    Upon information and belief, Defendant WEBSTER BUSINESS CREDIT CORPORATION ("Defendant Webster") is a New York corporation with its principal place of business located at One State Street, 7th Floor, New York, New York.

11.    Upon information and belief, Defendant ROGER GILMARTIN ("Defendant Gilmartin") is a managing partner in Defendant CH and president and CEO of Defendants CF, CI and/or CELE. Defendant Gilmartin maintains an office at 386 Park Avenue South, New York, New York 10016.

12.    Upon information and belief, Defendant MARK S. KAHAN ("Defendant Kahan") is owner and chairman of Defendants CFD, CF, CI and/or CELE. Defendant Kahan maintains an office at 386 Park Avenue South, New York, New York 10016.

3

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

13. Beginning in or around May, 2006, Defendant CH contracted with Plaintiff on numerous occasions wherein Defendant CH ordered and agreed to purchase certain fabrics (hereinafter the "Goods") for an agreed upon price pursuant to each purchase order and corresponding invoice.

14. The Goods with respect to each invoice were shipped in a timely fashion and were accepted and signed for by Defendant CH.

15. Despite due demand, Defendant CH has failed to remit full payment for the Goods shipped pursuant to Defendant CH's purchase orders and received by Defendant CH, maintaining a balance of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03).

16. Defendant CH breached its agreement to pay for the Goods furnished by Plaintiff and as a result of Defendant CH's breach of contract, Plaintiff has been damaged in the amount of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03).

## AS AND FOR THE SECOND CAUSE OF ACTION
### (UCC Violation)

17. Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "16" inclusive, as if more fully set forth herein at length.

4

18. Beginning in or around May, 2006, Defendant CH contracted with Plaintiff on numerous occasions wherein Defendant CH ordered and agreed to purchase Goods for an agreed upon price pursuant to each purchase order and corresponding invoice.

19. The Goods with respect to each invoice were shipped in a timely fashion and were accepted and signed for by Defendant CH.

20. Despite due demand, Defendant CH has failed to remit full payment for the Goods shipped pursuant to Defendant CH's purchase orders and received by Defendant CH, maintaining a balance of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03).

21. As a result of Defendant CH's failure to pay for Goods delivered and accepted, Defendant CH breached its agreement with Plaintiff by refusing to pay for the Goods, and thus, Plaintiff is entitled to the damages as set forth pursuant to Uniform Commercial Code §2-709.

## AS AND FOR THE THIRD CAUSE OF ACTION
### (Unjust Enrichment)

22. Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "21" inclusive, as if more fully set forth herein at length.

24. Beginning in or around May, 2006, Defendant CH contracted with Plaintiff on numerous occasions wherein Defendant CH ordered and agreed to purchase the Goods for an agreed upon price pursuant to each purchase order and corresponding invoice.

25 The Goods with respect to each invoice were shipped in a timely fashion and were accepted and signed for by Defendant CH.

26. Despite due demand, Defendant CH has failed to remit full payment for the Goods shipped pursuant to Defendant CH's purchase orders and received by Defendant CH, maintaining a balance of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03).

27. Defendant CH breached its agreement to pay for the Goods furnished by Plaintiff and as a result of Defendant CH's breach of contract, the Defendant CH has been unjustly enriched in the amount of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03).

## AS AND FOR THE FOURTH CAUSE OF ACTION
### (Account Stated)

28. Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "27" inclusive, as if more fully set forth herein at length.

29. At various times during the series of agreements and delivery of Goods by Plaintiff, and on numerous occasions thereafter, accounts were stated between Plaintiff and Defendant CH in connection with the payment due for Goods received.

30. There is presently due and owing from the Defendant CH to Plaintiff for such Goods delivered, the sum of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) representing the outstanding balance on agreed price and reasonable value of such Goods delivered by Plaintiff.

31. That no part of that sum of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) has been paid, although duly demanded.

6

32. An account was stated between Plaintiff and Defendant CH in the amount of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) with interest thereon.

### AS AND FOR THE FIFTH CAUSE OF ACTION
#### (Conversion)

33. Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "32" inclusive, as if more fully set forth herein at length.

34. Beginning in or around May, 2006, Defendant CH contracted with Plaintiff on numerous occasions wherein Defendant CH ordered and agreed to purchase Goods for an agreed upon price pursuant to each purchase order and corresponding invoice.

35. The Goods with respect to each invoice were shipped in a timely fashion and were accepted and signed for by Defendant CH.

36. Despite due demand, Defendant CH has failed to remit full payment for the Goods shipped pursuant to Defendant CH's purchase orders and received by Defendant CH, maintaining a balance of Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03).

37. By virtue of Defendant CH retention of the Goods without remitting payment, Defendant CH has converted the Goods to its own uses.

38. As a result of Defendant CH's conversion of the Goods, Plaintiff is entitled to compensatory damages in the amount of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial.

## AS AND FOR THE SIXTH CAUSE OF ACTION
### (Successor Liability)

39.  Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "38" inclusive, as if more fully set forth herein at length.

40.  Based upon representations made by Defendant Gilmartin, Defendant Webster held a security interest in Defendant CH's assets as a result of a purported loan.

41.  Based upon representations made by Defendant Gilmartin, Defendant CH defaulted on the loan.

42.  Based upon representations made by Defendant Gilmartin, Defendant Webster sold Defendant CH's assets by private sale as a result of Defendant CH's default on the loan.

43.  Based upon representations made by Defendant Gilmartin, Defendant Webster sold all of Defendant CH's assets to Defendant CF, Defendant CFD, Defendant CI and/or Defendant CELE ("Purchaser Defendants").

44.  Based upon representations made by Defendant Gilmartin, although Defendant CH still exists as an entity, as a result of the asset sale, Defendant CH is a shell company with no assets and no cash.

45.  Despite the asset sale, there is a continuity of ownership between Defendant CH and the Purchaser Defendants.

46.  Defendant CH has ceased transacting business as evidenced by Defendant Gilmartin's representation that Defendant CH is a "shell company".

8

47. Purchaser Defendants assumed certain liabilities ordinarily necessary for the uninterrupted continuation of Defendant CH's business.

48. Despite the asset sale, Purchaser Defendants have continued the management, personnel, physical location, assets, and general business operation of Defendant CH.

49. The asset sale was merely a de facto merger. As such, Purchaser Defendants are jointly and severally liable to Plaintiff in the amount of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon based upon the theory of successor liability.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
### (Fraudulent Conveyance)

50. Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "49" inclusive, as if more fully set forth herein at length.

51. Based upon representations made by Defendant Gilmartin, Defendant Webster held a security interest in Defendant CH's assets as a result of a purported loan.

52. Based upon representations made by Defendant Gilmartin, Defendant CH defaulted on the loan.

53. Based upon representations made by Defendant Gilmartin, Defendant Webster sold Defendant CH's assets as a result of Defendant CH's default on the loan.

54. Based upon representations made by Defendant Gilmartin, Defendant Webster sold all of Defendant CH's assets to Purchaser Defendants.

9

55. Based upon representations made by Defendant Gilmartin, although Defendant CH still exists as an entity, as a result of the asset sale, Defendant CH is a shell company with no assets and no cash.

56. Based upon representations made by Defendant Gilmartin, Defendant Gilmartin, on behalf of Defendant CH, had ongoing negotiations with Defendant Kahan, on behalf of the Purchaser Defendants, in connection with investing in Defendant CH.

57. However, rather than invest directly in Defendant CH, Defendant Gilmartin and Defendant Kahan devised a scheme which would enable Purchaser Defendants to purchase the assets of Defendant CH and avoid the liabilities of Defendant CH.

58. As part of the scheme, Defendant CH defaulted on its loan with Defendant Webster at which point Defendant Webster sold all of Defendant CH's assets to Purchaser Defendants in a private sale.

59. The ultimate conveyance as a result of the scheme devised by Defendant Gilmartin, on behalf of Defendant CH, and Defendant Kahan, on behalf of Purchaser Defendants, was made with actual intent to hinder, delay and/or defraud Plaintiff as a creditor.

60. As a result of such fraudulent conveyance, Defendants CH and Webster as well as the Purchaser Defendants are jointly and severally liable to Plaintiff for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial.

10

## AS AND FOR THE NINTH CAUSE OF ACTION
### (Pierce the Corporate Veil)

61.  Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "60" inclusive, as if more fully set forth herein at length.

62.  Defendant CH, through Defendant Gilmartin has engaged in fraudulent conduct in an effort to avoid payment of their debt to Plaintiff.

63.  Defendant CH, through Defendant Gilmartin, fraudulently transferred assets and funds from Defendant CH to Defendant Webster and/or Purchaser Defendants specifically to hinder, delay and/or defraud Plaintiff as a creditor.

64.  As managing partner, president and CEO of Defendant CH, Defendant Gilmartin exercised complete dominion and control over Defendant CH with respect to the Defendant Webster loan as well as the asset sale.

65.  Defendant Gilmartin used his complete dominion and control over Defendant CH to commit a fraud against Plaintiff resulting in Plaintiff's injury.

66.  The corporate entity of Defendant CH should be disregarded and Defendant Gilmartin should be held personally liable to Plaintiff for such fraudulent activity.

67.  Accordingly, by virtue of the foregoing, Defendant Gilmartin is personally liable to Plaintiff for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial.

11

## AS AND FOR THE TENTH CAUSE OF ACTION
### (Pierce the Corporate Veil)

68. Plaintiff repeats and realleges each and every allegation heretofore set forth numbered and designated "1" through "73" inclusive, as if more fully set forth herein at length.

69. Purchaser Defendants, through Defendant Kahan, has engaged in fraudulent conduct in an effort to assist Defendant CH in avoiding payment of their debt to Plaintiff.

70. Purchaser Defendants, through Defendant Kahan, in an effort to hinder, delay and/or defraud Plaintiff as a creditor, purchased Defendant CH's assets at a private sale thus leaving Defendant CH with nothing but its liabilities and thus a mere shell.

71. As owner and chairman of Purchaser Defendants, Defendant Kahan exercised complete dominion and control over Purchaser Defendants with respect to purchasing Defendant CH's assets at the private sale.

72. Defendant Kahan used his complete dominion and control over Purchaser Defendants to commit a fraud against Plaintiff resulting in Plaintiff's injury.

73. The corporate entities of Purchaser Defendants should be disregarded and Defendant Kahan should be held personally liable to Plaintiff for such fraudulent activity.

74. Accordingly, by virtue of the foregoing, Defendant Kahan is personally liable to Plaintiff for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial.

12

**WHEREFORE**, Plaintiff demands judgment against Defendants:

i. on the first cause of action against Defendant CH for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon;

ii. on the second cause of action against Defendant CH for damages as set forth pursuant to Uniform Commercial Code §2-709;

iii. on the third cause of action against Defendant CH for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon;

iv. on the fourth cause of action against Defendant CH for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon;

v. on the fifth cause of action against Defendant CH for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial;

vi. on the sixth cause of action against Purchaser Defendants, joint and severally, for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon;

vii. on the seventh cause of action against Defendants CH and Webster as well as the Purchaser Defendants, joint and severally, for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial;

13

viii. on the eighth cause of action against Defendant Gilmartin for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon and punitive damages to be determined at trial;

ix. on the ninth cause of action against Defendant Kahan for the sum of no less than Two Hundred Sixty-Eight Thousand, Three Hundred Ninety-Nine Dollars and Three Cents ($268,399.03) plus interest thereon;

x. awarding Plaintiff such other and further relief as this Honorable Court may deem just and proper, together with the attorneys fees and costs and disbursements of this action.

DATED:     New York, New York
           August 12, 2008

By: _____

JEFFREY M. CASSUTO, ESQ.
(JC-0604)
*Attorney for Plaintiff*
299 Broadway, Suite 1020
New York, New York 10007
(212) 594-4077

14

## **JURY DEMAND**

COUNSELORS:

      **PLEASE TAKE NOTICE**, that the undersigned hereby demands a trial by jury

on all issues in this action.

Dated: New York, New York
      August 12, 2008

                    By: _____

                                JEFFREY M. CASSUTO, ESQ.
                                (JC-0601)
                                *Attorney for Plaintiff*
                                299 Broadway, Suite 1020
                                New York, New York 10007
                                (212) 594-4077

JEFFREY M. CASSUTO, ESQ.

| Index No. | Year 20 | 08 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FASHION BRIDGE CORP.

Plaintiff,

-against-

COVINGTON HOLDINGS, LLC, COVINGTON FABRICS CORP.,
COVINGTON FABRIC & DESIGN, LLC, COVINGTON
INDUSTRIES, INC., CELE HOLDINGS, INC., WEBSTER BUSINESS
CREDIT CORPORATION, ROGER GILMARTIN, MARK S. KAHAN
and "JOE DOES" 1-10,

Defendants.

## SUMMONS AND COMPLAINT

### JEFFREY M. CASSUTO, ESQ.
Attorney(s) for *Plaintiff*

Office and Post Office Address, Telephone

299 BROADWAY, SUITE 1020
NEW YORK, NEW YORK 10007
(212) 594-4077

To

**Attorney(s) for**

**Service of a copy of the within**                    **is hereby admitted.**

**Dated,**

**Attorney(s) for**                    ...................................

**Sir: Please take notice**

□ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

□ *NOTICE OF SETTLEMENT*
that an order                    of which the within is a true copy will be presented for
settlement to the HON.                    one of the judges

of the within named Court, at
on the        day of        20    at    M.

Dated,

Yours, etc.

### JEFFREY M. CASSUTO, ESQ.
Attorney(s) for

Office and Post Office Address

299 BROADWAY, SUITE 1020
NEW YORK, NEW YORK 10007
(212) 594-4077

To

**Attorney(s) for**